NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESSE M. SKINNER,

        Plaintiff - Appellant,

  v.

R. LEE, et al.,

        Defendants - Appellees.

No. 22-55146

D.C. No.
5:19-cv-01116

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 6, 2025
Pasadena, California

Before: TALLMAN, IKUTA, and CHRISTEN, Circuit Judges.

Appellant Jesse Skinner, a federal inmate, appeals the dismissal of his Third

Amended Complaint for failure to comply with Rule 8 and failure to state a claim.

Skinner's counseled briefs on appeal challenge the dismissal of his Eighth

Amendment excessive force claim alleging that federal corrections officers abused

and harassed Skinner and then retaliated against him for filing grievances. Skinner

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

concedes, however, that his argument on appeal is foreclosed by *Chambers v. Herrera*, 78 F.4th 1100 (9th Cir. 2023), which barred extending a *Bivens* remedy to Eighth Amendment excessive force claims. Skinner urges us to hear this case initially en banc to reconsider and overrule *Chambers*. We have jurisdiction under 28 U.S.C. § 1291, decline the invitation, and affirm the district court's dismissal under *Chambers*.

1. The district court properly dismissed Skinner's Eighth Amendment excessive force claim after concluding it was not cognizable under *Bivens*. *See Egbert v. Boule*, 596 U.S. 482, 496–98 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 135–37 (2017). While this appeal was pending, we held that a *Bivens* remedy does not extend to Eighth Amendment excessive force claims. *Chambers*, 78 F.4th at 1107–08. Because *Chambers* expressly forecloses Skinner's Eighth Amendment excessive force claim, we affirm the district court's dismissal of that claim. The district court did not abuse its discretion in denying Skinner leave to amend for a fourth time given that further leave to amend would be futile in the face of *Chambers*.[1]

2. We also reject Skinner's request that we bypass the regular three-judge panel and initially hear this case en banc. Ninth Cir. Gen. Ord. 5.2. Contrary to

---

[1] We do not entertain Skinner's attempt to challenge the dismissal of his remaining claims because they were not raised in his counseled brief and are thus waived.

Skinner's arguments, this case does not present a "question of exceptional importance." Fed. R. App. P. 40. Whether or not *Chambers* effectively insulates federal officials who use excessive force against prisoners from civil liability is the type of policy issue that the Supreme Court has counseled is reserved to Congress, *not* the courts. *See Egbert*, 596 U.S. at 496; *Chambers*, 78 F.4th at 1108. For these reasons, we deny Skinner's petition for initial hearing en banc and his motion to file an oversized petition.

3.      We also deny Skinner's *pro se* motion for injunctive relief, and his motions to file *pro se* supplemental briefs in addition to his counseled briefs. Once a party is appointed counsel, as Skinner was here, we decline to consider *pro se* filings.

**AFFIRMED.**